IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                                      No. 2:12-cr-20043-STA-2

JEFF JOLLY,

    Defendant.

ORDER TRANSFERRING MOTION TO COURT OF APPEALS
AS A SECOND OR SUCCESSIVE § 2255 MOTION

On August 25, 2020, Defendant Jeff Jolly filed a document styled "Motion 2255 Correction of Ille[]gal Sentence." (ECF No. 94.)[1] For the following reasons, the motion is **TRANSFERRED** to the Sixth Circuit Court of Appeals.

Defendant previously filed a motion to vacate, set aside, or correct his sentence, pursuant to 28 U.S.C. § 2255. (*Jolly v. United States*, No. 2:13-cv-02986-JTF-egb (W.D. Tenn.), ECF No. 1.) The § 2255 motion asserted four ineffective-assistance-of-counsel claims. (*See id.*, ECF No. 63 at 6-7 (cataloging claims).) On September 29, 2017, the Court denied the § 2255 motion, certified that an appeal would not be taken in good faith, and denied a certificate of appealability. (*Id.*, ECF No. 63.) The Sixth Circuit dismissed Jolly's appeal. (*Id.*, ECF No. 69.)

The motion now before the Court asserts that Defendant's sentence should be corrected to reflect that, under the plea agreement with the Government, he did not agree to three years of supervised release.[2] The motion therefore presents "a new ground for relief" from the imposition

---

[1] Unless otherwise indicated, record citations are to documents filed in the present case.
[2] On March 9, 2020, the Court transferred probation jurisdiction to the United States District Court for the Northern District of Mississippi. (*See* ECF No. 88.) The motion before this

of his sentence and constitutes a second or successive motion under 28 U.S.C. § 2255(h). *In re Nailor*, 487 F.3d 1018, 1022 (6th Cir. 2007) (quoting *Gonzalez v. Crosby*, 545 U.S. 524, 532 (2005) (a claim filed by a federal prisoner subsequent to a first § 2255 motion which asserts "a new ground for relief" is a second or successive petition).

"Before a second or successive application . . . is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3). Defendant has not yet obtained authorization from the Sixth Circuit to file his new claim. The motion is therefore **TRANSFERRED** to the United States Court of Appeals for the Sixth Circuit. *See In re Sims*, 111 F.3d 45, 47 (6th Cir. 1997) (per curiam) (holding that district courts should transfer to the appellate court second or successive petitions filed without authorization from the Sixth Circuit).

    **IT IS SO ORDERED**.

                                                **s/ S. Thomas Anderson**
                                                S. THOMAS ANDERSON
                                                CHIEF UNITED STATES DISTRICT JUDGE

                                                Date: October 14, 2020

---

Court references the proceedings in that district and the revocation of Petitioner's supervised release by United States District Judge Glen H. Davidson. *See United States v. Jolly*, 1:20-cr-0002-GHD-DAS (N.D. Miss.), ECF No. 15.) The motion does not, however, challenge the revocation itself. Petitioner has, thus, properly denominated his motion as a § 2255 motion. *Cf. United States v. Hallom*, 505 F. App'x 480, 481–82 (6th Cir. 2012) (distinguishing between challenges to revocation of supervised release and attacks on the imposition of the initial term of supervised release).